# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## AT TAMPA

_____

TRUE BLUE, INC.,

                                  Plaintiff                 CASE NO.: 8:09-cv-01894-JSM-MAP

v.

TIMOTHY P. DYN,
JENNIFER RODRIGUEZ, and
STAFFING EXPRESS, INC.

                                  Defendants

_____

## DEFENDANTS' ANSWER

       Defendants Timothy P. Dyn, Jennifer Rodriguez and Staffing Express, Inc. (collectively, the "Defendants") hereby answer the Plaintiff's Complaint and plead affirmative defenses as follows:

    1.  Denied.

    2.  The Defendants lack sufficient information to admit or deny.

    3.  Denied as to the first sentence.  The Defendants admit that Dyn and TrueBlue entered into certain agreements on or about June 9, 2008.  The Defendants deny the allegations concerning the nature of the agreements, on the grounds that they speak for themselves.

    4.  Denied as to the first sentence.  The Defendants admit that Rodriguez and TrueBlue entered into certain agreements on or about September 17, 2007.  The Defendants deny the allegations concerning the nature of the agreements, on the grounds that they speak for themselves.

5. Denied.

6. Denied, on the grounds that the agreements speak for themselves.

7. Admitted.

8. Denied.

9. Denied, except admitted that TrueBlue obtained, ex parte, a Temporary Restraining Order, which is no longer in effect, from the United States District Court for the Western District of Washington. Denied as to the terms of the TRO, which speaks for itself.

10. Denied.

11. Denied.

12. Denied.

13. The Defendants lack sufficient information to admit or deny.

14. Admitted that Dyn is a former Vice President of TrueBlue and a citizen of Florida. The footnote is neither admitted nor denied as it is surplusage to the Complaint.

15. Admitted.

16. Admitted.

17. Denied.

18. Admitted, to the extent that subject matter jurisdiction exists, which the Defendants deny.

19. Admitted.

20. Admitted as to the first sentence; denied as to the second.

21. Denied, as greatly exaggerated.

22. Denied.

23. Denied, as greatly exaggerated.

24. Denied.

25. Denied.

26. Denied.

27. Denied as to the reasons for the Agreement. Admitted that Exhibit 1 is a true copy thereof.

28. Denied, except admitted that Exhibit 2 is a true copy of the Agreement.

29. Denied, on the grounds that the agreements speak for themselves.

30. Admitted, except denied as to the reason for the payment.

31. Admitted, except denied that Rodriguez was an Operations Manager for more than one year and denied that as Operations Manager she had significant relationships with customers.

32. Denied.

33. Denied, except admitted that Exhibit 3 is a true copy of the Agreement.

34. Denied, except admitted that Exhibit 4 is a true copy of the Agreement.

35. Admitted.

36. Denied, on the grounds that the agreement speaks for itself, and denied as to the conclusion that it is binding.

37. Denied, on the grounds that the agreement speaks for itself.

38. Denied, on the grounds that the agreement speaks for itself, and denied as to the conclusion that it is binding.

39. Denied, on the grounds that the agreement speaks for itself, and denied as to the conclusion that any restriction exists.

40. Denied, on the grounds that the agreement speaks for itself.

41. Denied, on the grounds that the agreement speaks for itself.

42.  Denied, except admitted that Exhibit 5 is a true representation of the documents in question.

43.  Denied, except admitted that Dyn is the registered owner of the fictitious name and that Exhibit 6 is a true representation of the documents in question.

44.  Denied.

45.  Denied, except admitted that Staffing Express has an office in Tampa, while the Defendants lack sufficient information to admit or deny the distance of the office from the TrueBlue Branch.

46.  Denied.

47.  Denied.

48.  Denied.

49.  Denied.

50.  Denied.

51.  Denied.

52.  Denied.

53.  Denied.

54.  The Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 53.

55.  Denied.

56.  Denied.

57.  Denied.

58.  Denied.

59.  Denied.

60. Denied.

61. Denied.

62. The Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 61.

63. Denied, on the grounds that the agreements speak for themselves.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. The Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 68.

70. Denied.

71. Denied, except that the Defendants lack sufficient information to admit or deny the allegation concerning how much TrueBlue has spent.

72. The Defendants lack sufficient information to admit or deny.

73. Denied.

74. The Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 73.

75. The Defendants lack sufficient information to admit or deny.

76. Denied.

77. Denied.

78. Denied.

79.  Denied.

80.  Denied, except that the Defendants lack sufficient information to admit or deny whether TrueBlue intends to amend its Complaint.

81.  The Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 80.

82.  Denied.

83.  Denied.

84.  Denied.

85.  Denied.

86.  Denied.

87.  Denied.

88.  Denied, except that the Defendants lack sufficient information to admit or deny whether TrueBlue intends to amend its Complaint.

89.  The Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 88.

90.  Denied.

91.  Denied.

## **AFFIRMATIVE DEFENSES**

1.  TrueBlue impliedly consented to and authorized any conduct of the Defendants which constituted competition against TrueBlue.

2.  TrueBlue is barred, by virtue of its own breach of contract, from enforcing any restrictive covenants against the Defendants.

3.  TrueBlue is barred, by the equitable doctrine of unclean hands, from enforcing, in equity, any restrictive covenants against Dyn.

4.  The restrictive covenants to which TrueBlue claims Dyn and Rodriquez agreed are unreasonably broad or are otherwise unenforceable.

5.  TrueBlue is barred from enforcing, in equity, the restrictive covenants to which TrueBlue claims Dyn and Rodriquez agreed by the doctrine of estoppel.

6.  TrueBlue's Complaint fails to state a cause of action pursuant to §542.335 Fla. Stat.

7.  Any conduct by Dyn, Rodriguez and/or StaffEx was justified or privileged.

8.  TrueBlue is barred from enforcing its restrictive covenants by waiver.


WHEREFORE, the Defendants pray that this Court dismiss the Plaintiff's claims with prejudice, award them costs, including reasonable attorneys' fees, and grant them such other and further relief as may be necessary and just.

DATED:  October 15, 2009     TIMOTHY P. DYN,
                JENNIFER RODRIGUEZ, and
                STAFFING EXPRESS, INC
                By their Attorney

                S\: R. Jeffrey Stull
                R. Jeffrey Stull, Esq.
                Florida Bar No. 241008
                602 South Boulevard
                Tampa, FL 33606
                (813) 251-3914
                (813) 251-0974 (fax)
                jeff@stullpa.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2009, I electronically filed the foregoing Answer using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.
          S\ R. Jeffrey Stull
          R. Jeffrey Stull, Esq.