UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUEBLUE, INC., a Washington
Corporation,

      Plaintiff,

v.                                        Case No. 8:09-CV-1894-T-30MAP

TIMOTHY P. DYN, an individual,
*et al.*,

      Defendants.
_____/

# REPORT AND RECOMMENDATION

      Plaintiff TrueBlue, Inc. seeks a preliminary injunction against Defendants who are three former employees of Plaintiff and the newly-formed company for which those employees now work. Plaintiff argues that, absent a preliminary injunction, it will suffer irreparable harm from Defendant Gutierrez-Orial's breach of the non-compete, non-disclosure, and non-solicitation provisions of her employment agreement; Defendants' violation of the Florida Uniform Trade Secret Act; and Defendant Gutierrez-Orial's violation of the federal Computer Fraud and Abuse Act. The district court granted Plaintiff a temporary restraining order on February 16, 2010 (doc. 48), and referred the matter to me for a hearing and report and recommendation on whether Plaintiff should be granted a preliminary injunction. *See* 28 U.S.C. § 636(b). I held a hearing in this matter today. After considering the parties' arguments and the record in this case, I recommend granting in part Plaintiff's request for a preliminary injunction.

*A. Factual Background*

Plaintiff TrueBlue is engaged in the temporary light industrial and manual labor staffing business. Radcliff Decl. ¶5. Spartan Staffing, LLC ("Spartan") is a wholly-owned subsidiary of TrueBlue, Inc. Radcliff Decl. ¶ 2. The three individual defendants are all former employees of Spartan who now work at Staffing Express, Inc. ("StaffEx"). Radcliff Decl. ¶¶ 9, 15, 16. Defendant Timothy Dyn worked as a Vice President at Spartan until October 2008. Radcliff Decl. ¶ 15. At Spartan, Dyn was responsible for overseeing Spartan's operations, which included more than forty branch offices in eleven states. Radcliff Decl. ¶ 15. Defendant Jennifer Rodriguez worked as an Operations Manager for Spartan's Brandon branch until her resignation on April 20, 2009. Radcliff Decl. ¶ 16. Defendant Aemilia Gutierrez-Orial worked for Spartan from 1998 until November 2009 as an Account Representative servicing Spartan's Brandon branch. Gutierrez-Orial Decl. ¶¶ 5, 13, 23. Gutierrez-Orial was responsible for communications with clients, and primarily supplied temporary local truck drivers to customers in Florida and Georgia. Gutierrez-Orial Decl. ¶ 6. At some point during their employment at Spartan, the Defendants signed agreements containing non-disclosure, non-compete, and non-solicitation provisions. *See* Radcliff Decl. Exs. 1,3, 4, & 5.

Spartan filed this action in September 2009 against Defendant's Dyn, Rodriguez, and StaffEx. Subsequent to the filing of the complaint, Gutierrez-Orial submitted her resignation and accepted employment at StaffEx. Radcliff Decl. ¶¶ 12-13; Gutierrez-Orial Decl. ¶ 25. In the week or so before she left Spartan, Gutierrez-Orial forwarded at least forty-four emails and attachments from her work account to non-Spartan email addresses. MacDermot Decl. at ¶ 6. One of the emails, exhibit 6 to Rory MacDermot's declaration, was sent to StaffEx employees.

2

MacDermot Decl. Ex. 6. Plaintiff contends the forwarded emails included Spartan trade secrets. Upon learning of Defendant Gutierrez-Orial's actions, Plaintiff filed an amended complaint to include Gutierrez-Orial in the action and sought a temporary restraining order to prevent Defendants from using the information taken by Gutierrez-Orial and to prevent Gutierrez-Orial from being employed by, or otherwise involved with, StaffEx, or soliciting or servicing Staff Ex customers and Spartan customers or potential customers. Again, the district court granted the requested temporary restraining order (except as to Spartan potential customers), and referred the matter to me for hearing and report and recommendation as to whether a preliminary injunction should be granted.

### B. Standard of Review

The decision to grant or deny a preliminary injunction is within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Int'l Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). In determining whether a preliminary injunction should issue, the district court considers whether the moving party has demonstrated: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the moving party unless the injunction issues; (3) the threatened injury to the movant outweighs the harm the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not disserve or be adverse to the public interest. *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1240 (11th Cir. 2005). A preliminary injunction is an extraordinary and drastic remedy; a district court should not issue a preliminary injunction unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites. *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F.3d 1205, 1210 (11th Cir. 2003).

*C. Discussion*

Defendants, although not conceding the documents at issue here contain trade secrets or that they each in fact possess all of the documents, agreed at the hearing to turn over and not use the documents forwarded by Gutierrez-Orial.[1] With respect to the request for a preliminary injunction preventing Defendant Gutierrez-Orial from competing with Spartan or soliciting StaffEx and Spartan customers, Plaintiff has all but abandoned that request. The employment agreement on which Plaintiff relies was executed by Plaintiff and Gutierrez-Orial in January 2005, many years after Gutierrez-Orial began working for Spartan.[2] That agreement included non-disclosure, non-compete, and non-solicitation provisions. Radcliff Decl. Ex. 6 at 2-4. The agreement expressly states the agreement and "all interpretations of the provisions of this Agreement will be governed by the laws of the State of Washington, without regard to choice of law principles." Radcliff Decl. Ex. 1 at 6. At the hearing today, Plaintiff conceded it has no argument for the application of Florida law in this case. Accordingly, the Court looks to the law of Washington State. *See Department of Motor Vehicles for Use and Benefit of Fifth Ave. Motors, Ltd. v. Mercedes-Benz of N. Am., Inc.*, 408 So.2d 627, 629 (Fla. 2d DCA 1981) ("It is well established that when the parties to a contract have indicated their intention as to the law

---

[1] Defendants' concession makes the trade secret analysis unnecessary. I do note, however, that Defendants made some persuasive arguments that the forwarded documents, particularly those in exhibit 6 to the MacDermot declaration, do not constitute trade secrets.

[2] Although the underlying suit involves claims that Dyn and Rodriguez also breached the terms of their employment agreements with Plaintiff, Plaintiff's motion here, insofar as the motion is based on Plaintiff's contract claim, is founded only on Gutierrez-Orial's alleged breach. The Agreement signed by Gutierrez-Orial is between Defendant Gutierrez-Orial and Labor Ready, Inc. In December 2007, Labor Ready, Inc. changed its name to TrueBlue. Radcliff Decl. at ¶ 10.

which is to govern, it will be governed by such law in accordance with the intent of the parties.")

Under Washington law, "[a] noncompete agreement entered into after employment will be enforced if it is supported by independent consideration." *Labriola v. Pollard Group, Inc.*, 100 P.3d 791, 794 (Wash. 2004) (citations omitted). Likewise, the non-disclosure and non-solicitation provisions are enforceable only if there is independent additional consideration. *See id.* ("Independent, additional, consideration is required for the valid formation of a modification or subsequent agreement."). Although continued employment may in some circumstances serve as sufficient consideration, the Supreme Court of Washington held in a case very similar to this one that a noncompete signed five years after the employee had begun his job, with no additional consideration, was not enforceable. *Id.* at 796. "There is no consideration when one party is to perform some additional obligation while the other party is simply to perform that which he promised in the original contract." *Id.* at 794 (citation and quotations omitted). As Plaintiff has not pointed to any additional consideration, and acknowledged at the hearing today that it did not have any such evidence available to present to the Court, I conclude Plaintiff is not likely to succeed on the merits of its contract claim. I therefore recommend that the motion for a preliminary injunction, insofar as Plaintiff seeks an injunction prohibiting Defendant Gutierrez-Orial from competing with Spartan or soliciting StaffEx and Spartan customers, be denied. *See East v. Aqua Gaming, Inc.*, 805 So.2d 932, 935 (Fla. 2d DCA 2001) (Where "there is no covenant not to compete, and where the former employee, obeying the temporary injunction, does not use trade secrets obtained while in the employ of the former company, the former employee is free to engage in a competing business."

(citation omitted)). In fact, when asked about the relief requested, Plaintiff's counsel stated today that Plaintiff wanted the return of the information taken by Gutierrez-Orial and an order that the Defendants not use that information, a request that the Defendants essentially accepted.

*D. Security*

Fed. R. Civ. P. 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Given the narrow nature of the relief recommended, I conclude no security is necessary.

*E. Conclusion*

Based on the foregoing, it is hereby

RECOMMENDED:

1. Plaintiff's motion for a preliminary injunction should be GRANTED to the extent that Defendants Aemilia Guitierrez-Orial, StaffEx, Timothy P. Dyn, and Jennifer Rodriguez should:

    a.    refrain from using or disclosing, directly or indirectly, any documents and information or property of TrueBlue, including all emails or documents containing, attaching, or referring to TrueBlue confidential information which Defendant Gutierrez-Orial emailed from her work account to both her personal email accounts and directly to StaffEx, Dyn, and Rodriguez, in the days preceding her November 16, 2009, resignation,

    b.    refrain from destroying, discarding, or altering, directly or indirectly, all TrueBlue property, including all emails or documents containing, attaching, or

referring to TrueBlue confidential information which Defendant Gutierrez-Orial emailed from her work account to both her personal email accounts and directly to StaffEx, Dyn, and Rodriguez, in the days preceding her November 16, 2009, resignation, and

    c.    immediately return to TrueBlue all originals and copies of TrueBlue property, including all emails or documents containing, attaching, or referring to TrueBlue confidential information which Defendant Gutierrez-Orial emailed from her work account to both her personal email accounts and directly to StaffEx, Dyn, and Rodriguez, in the days preceding her November 16, 2009, resignation.[3]

2. In all other respects the Plaintiff's motion for a preliminary injunction should be DENIED.

IT IS SO REPORTED at Tampa, Florida on February 2, 2010.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:    The Honorable James S. Moody
       Counsel of Record

---

[3] The language of the recommended injunction tracks that of the first three paragraphs of the temporary restraining order proposed by Plaintiff and entered by the district court.