**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TRUEBLUE, INC.**, a Washington
Corporation,

    **Plaintiff,**

v.                                                                    Case No.  **8:09-cv-1894-T-30MAP**

**TIMOTHY P. DYN**, an individual;
**JENNIFER RODRIGUEZ**, an individual;
**AEMILIA GUTIERREZ-ORIAL**, an
individual; and **STAFFING EXPRESS, INC.**,
a Florida corporation,

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment (Dkt. 72) and Defendant Timothy P. Dyn's Opposition to same (Dkt. 81). The Court, having reviewed the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be denied.

## INTRODUCTION

This is a case involving alleged breaches of employment agreements by former employees of Plaintiff, TrueBlue, Inc. ("Plaintiff"). Plaintiff now moves for partial summary judgment against Defendant Timothy P. Dyn ("Dyn") as to liability only on the breach of contract count, Count II, of the First Amended Complaint. Plaintiff argues that the

undisputed facts demonstrate that Dyn breached his employment agreement with Plaintiff when he: (1) formed and provided services to Staffing Express, Inc., a conflicting organization under his employment agreement; (2) provided services to one of Plaintiff's customers; and (3) employed one of Plaintiff's employees.

Dyn counters that there are numerous issues of fact precluding summary judgment. Specifically, Dyn points out that there is an issue of fact as to the reasonableness of the noncompetition covenant contained in Dyn's employment agreement. Dyn also argues that there is an issue of fact as to whether the restrictive covenant was supported by a legitimate business interest. And Dyn argues that the record reflects that he did not solicit the employment of Plaintiff's employees or any business from Plaintiff's customers.

The Court concludes that the record reflects material disputed facts preventing the entry of summary judgment against Dyn as to whether he breached his employment agreement. An analysis of the reasonableness of the covenants contained in Dyn's employment agreement is an issue of fact for the jury. There is also an issue of fact as to whether the covenants are supported by a legitimate business interest. Lastly, the record reflects disputed facts on the issue of whether Dyn was involved, directly or indirectly, in the hiring of one of Plaintiff's employees. Accordingly, these issues must proceed to trial.

## RELEVANT FACTS

Plaintiff specializes in placing employees in short-term, long-term, and temp-to-hire jobs. In 2004, Plaintiff acquired Spartan Staffing, LLC ("Spartan"). At that time, Dyn was Chief Financial Officer and Chief Operating Officer of Spartan. After the acquisition, Dyn

became Director of Operations, responsible for managing all of the offices that had been acquired. Subsequently, Dyn became Vice President of Spartan, which had become a wholly owned subsidiary of Plaintiff.[1] As Vice President, Dyn was responsible for Plaintiff's branches, including those acquired or opened after the 2004 acquisition.

Plaintiff and Dyn entered into a Vice President Employment Agreement (the "Employment Agreement") on June 9, 2008, which includes a noncompetition agreement as follows:

> Employee agrees that during Employee's employment with TrueBlue and for a period of twelve (12) months following the termination of Employee's employment for any reason, Employee shall not, directly or indirectly, in any Business Area, engage in, work for, provide services to, own, manage, operate, control or otherwise engage or participate in, or be connected as an owner, partner, principal, creditor, salesman, guarantor, advisor, member of the board of directors of, employee of, independent contractor of, or consultant to, any Conflicting Organization.

(Declaration of Joanna S. Monroe, Ex. 3 thereto). The "Business Area" is defined as "any state in the United States in which TrueBlue conducts or plans to conduct Business." *Id.* "Conflicting Organization" is defined, in part, as "any person, entity or organization that provides temporary and/or permanent staffing services in connection with manual and/or skilled laborers." *Id.*

The Employment Agreement also includes provisions preventing Dyn from, directly or indirectly: engaging in any conduct intended or reasonably calculated to induce or urge any Client to discontinue its business relationship with Plaintiff; and accepting any business

---

[1] The parties use TrueBlue and Spartan interchangeably.

from, or doing any business with, any Client in connection with the provision of temporary and/or permanent staffing services during the twelve-month restrictive period. *Id.* "Client" is defined as "any individual, business or other entity (I) whose account Employee supervised, or (ii) whose account was serviced by an employee whom the Employee supervised; or (iii) to whom Employee provided services on behalf of TrueBlue, at any time within twenty-four months prior to Employee's last date of employment with TrueBlue." *Id.*

The Employment Agreement also includes provisions preventing Dyn from directly or indirectly employing or soliciting for employment any "Colleague," including engaging in any conduct intended or reasonably calculated to induce or urge any Colleague to discontinue, in whole or in part, his/her employment relationship with Plaintiff during the twelve-month restrictive period. *Id.* "Colleague" is defined as "any TrueBlue employee with whom Employee worked or whom Employee supervised or about whom Employee obtained information during Employee's employment with TrueBlue." *Id.*

Dyn's employment at Plaintiff ended on October 14, 2008. In April 2009, Dyn founded Staffing Express, Inc. ("StaffEx"). According to Dyn, StaffEx is in the business of providing skilled labor staffing services for customers with requirements for highly trained workers. According to Dyn, although StaffEx predominantly serves customers looking for skilled workers, it will, if requested by a customer, seek to obtain manual laborers.

The facts are undisputed that on May 21, 2009, prior to the expiration of the restrictive covenants contained in Dyn's Employment Agreement, i.e., October 13, 2009, StaffEx provided 29 temporary workers to the Greater Tampa Bay Auto Action ("GTBAA"),

Plaintiff's largest customer in its Tampa branch.[2] Also prior to October 13, 2009, Jennifer Rodriguez ("Rodriguez"), Plaintiff's Operations Manager, resigned from Plaintiff and subsequently began working for StaffEx.

Dyn's actions in founding and providing services to StaffEx, the providing of services by StaffEx to the GTBAA, and Dyn's alleged hiring of Rodriguez, are the subject of Plaintiff's Motion for Partial Summary Judgment.

## **DISCUSSION**

**I.     Summary Judgment Standard of Review**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine

---

[2] The GTBAA holds auto actions every Thursday. The GTBAA auctions a number of cars at the same time through a series of lanes, and, on average, requests about 150 temporary workers each week to drive the cars through the assigned lanes. According to Plaintiff, it routinely supplied temporary workers to the GTBAA and staffed all nine lanes.

the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## II. Plaintiff's Motion for Partial Summary Judgment against Dyn

Plaintiff moves for partial summary judgment against Dyn as to liability only on the breach of contract count, Count II, of the First Amended Complaint. Specifically, Plaintiff argues that the record reflects Dyn, within six months of his termination from Plaintiff,

formed StaffEx, a competing company, provided consulting services to that Conflicting Organization, hired a then-current Plaintiff employee (Rodriguez) to "do his dirty work," and serviced Plaintiff's largest regional customer (GTBAA). (Dkt. 72). According to Plaintiff, these actions clearly violated the restrictive covenants contained in the Employment Agreement.

Florida's unfair competition statute is codified at section 542.35, Florida Statutes. That statute does provide for the enforcement of contracts restricting or prohibiting competition, within limits: the contract must be reasonable in time, area, and line of business and "[t]he person seeking enforcement of a restrictive covenant shall plead and prove the existence of *one or more legitimate business interests justifying the restrictive covenant.*" Fla. Stat. § 542.335 (emphasis added).[3] This case is unusual because the period Dyn was restrained from competition has since expired. Thus, unlike most Florida cases, where courts look to the threat of future harm and the probability of irreparable injury, this Court is required instead to look back and determine whether the restrictive covenants were in fact breached during the twelve months they were in force.

---

[3] "A person seeking enforcement of a restrictive covenant also shall plead and prove that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction. If a person seeking enforcement of the restrictive covenant establishes prima facie that the restraint is reasonably necessary, the person opposing enforcement has the burden of establishing that the contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the established legitimate business interest or interests. If a contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the legitimate business interest or interests, a court shall modify the restraint and grant only the relief reasonably necessary to protect such interest or interests." Fla. Stat. § 542.335(c).

Turning to the first alleged breach involving Dyn's founding and providing services to StaffEx, Dyn argues that StaffEx is not a Conflicting Organization under the Employment Agreement. Dyn presents evidence that StaffEx predominantly provides skilled labor staffing services for customers with requirements for highly trained workers and that Plaintiff predominantly provides blue collar/low-skilled staffing services. Thus, Dyn contends that StaffEx is not within the same line of business as Plaintiff and the restrictive covenant is unreasonably broad. This evidence could convince a finder of fact that the noncompetition provision in the Employment Agreement is unreasonable to the extent it prevents Dyn from providing staffing services in connection with skilled laborers.

Also, Florida law is clear that it is Plaintiff's burden to plead and prove that the restraint was reasonably necessary to protect its legitimate business interests. Fla. Stat. § 542.335(1)(c). Here, reasonableness is very much in dispute and should be resolved by the finder of fact at trial. *See Whitby v. Infinity Radio Inc.,* 951 So. 2d 890, 897 (Fla. 4th DCA 2007) ("Whether a non-compete covenant is reasonable or overly broad is a question of fact for the trial court"); *see also LT's Benjamin Records, Inc. v. Machete Music*, No. 09-23770-CIV, 2010 WL 2573961, at *5 (S.D. Fla. June 24, 2010) (noting that "both the Florida courts and the federal courts have found that the issues of whether a business has a legitimate business interest justifying restrictions, and whether the restrictions are reasonable in time, area, and line of business are questions of fact, and not of law") (*citing Proudfoot Consulting Co. v. Gordon,* 576 F.3d 1223, 1237-38 (11th Cir. 2009); *Whitby,* 951 So.2d at 897; *Am. Std., Inc. v. Humphrey,* No. 3:06-cv-893-J-32MCR, 2007 WL 2852362, at *3 (M.D. Fla. Oct. 2,

2007)).  Therefore, granting summary judgment against Dyn as to his actions related to the founding of and performing services to, StaffEx would be inappropriate.

Whether Plaintiff established a breach of the Employment Agreement, as a matter of law, when StaffEx provided temporary workers to the GTBAA on May 21, 2009 is a much more difficult question for the Court.  It is undisputed that this occurred during the restrictive period and that these temporary workers were considered low-skilled and the type of workers Plaintiff typically staffed to the GTBAA.  Ultimately, Plaintiff may be entitled to a directed verdict at trial on this issue, because Dyn's solicitation of the GTBAA would certainly be a violation of the restrictive covenants, i.e., this competition was in Plaintiff's same line of business during the restrictive period.

But the Court cannot grant summary judgment on this issue because there are issues of fact regarding whether Plaintiff established a legitimate business interest.  Plaintiff argues that it has a legitimate business interest in its substantial relationships with customers, but Dyn presented evidence that Plaintiff did not value its client relationships.  For example, Dyn points to evidence that Plaintiff did not have an exclusive relationship with the GTBAA, that the GTBAA typically used a number of different staffing companies, that competition in the blue-collar staffing market was fierce, and that Plaintiff did not develop close relationships with its clients.  There are also facts in the record suggesting that the GTBAA was unhappy with Plaintiff and that Dyn did not directly, or indirectly, solicit any business from the GTBAA during the twelve-month restrictive period.

Plaintiff's motion suggests that it has pleaded and proved that its noncompetition covenant is necessary to protect its confidential information and its substantial relationships with clients, however, there are disputed facts on these issues. Accordingly, before a breach can be determined, in addition to determining the reasonableness of the restrictive covenants, the finder of fact must determine whether the restrictive covenants were supported by a legitimate business interest. *See supra* at pp. 8-9.

Finally, the record contains disputed facts on the issue of whether Dyn solicited Rodriguez for employment at StaffEx. According to Rodriguez's affidavit, she left Plaintiff because she was unhappy with the working conditions and her compensation. Her affidavit also states that she responded to an advertisement on an internet site known as Career Builder and was subsequently hired by StaffEx. There is conflicting evidence as to whether Dyn, or any other StaffEx employee, solicited Rodriguez to leave Plaintiff. Accordingly, the Court cannot conclude that Dyn breached the nonsolicitation provision of the Employment Agreement as a matter of law and this, too, must be resolved by the finder of fact.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment (Dkt. 72) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 9, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1894.MSJFINALFINAL.wpd