**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRUEBLUE, INC.,**

    **Plaintiff,**

v.                                                 Case No. 8:09-cv-1894-T-30MAP

**TIMOTHY P. DYN, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Timothy P. Dyn's Motion to Stay Case Pending Payment of Washington Judgment (Dkt. 111) and Plaintiff's Response in Opposition (Dkt. 118). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part.

This case was originally filed on or about June 5, 2009, in the United States District Court for the Western District of Washington. Plaintiff filed a notice of voluntary dismissal of the Washington action on September 3, 2009. Plaintiff then filed the instant case on September 16, 2009. On December 10, 2009, the Washington district court entered a judgment in favor of Defendant Timothy P. Dyn ("Dyn") in the amount of $20,020.03 for the attorneys' fees and costs he incurred as a result of the voluntary dismissal.

Now, on the eve of trial, Dyn moves this Court to enter a stay of this case until Plaintiff has paid Dyn the $20,020.03 judgment entered in the Washington action. Dyn contends that Plaintiff has refused to pay the judgment and that the Court should stay this

case until Plaintiff has satisfied the judgment. Dyn argues that, under Florida law, a stay of this action is mandatory until Plaintiff has satisfied the judgment.

As Plaintiff points out, however, the issue of granting a stay of this action is procedural in nature, not substantive. Accordingly, federal law applies, not Florida law. And federal law provides that granting a stay under these circumstances is within the Court's discretion. *See* Fed. R. Civ. P. 41(d).

Rule 41(d) states:

> **(d) Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> **(1)** may order the plaintiff to pay all or part of the costs of that previous action; and
> **(2)** may stay the proceedings until the plaintiff has complied.

Federal cases applying Rule 41(d) clearly state that a stay under these circumstances is permissive, not mandatory. *See Hagopian v. Smith*, 2007 WL 3026093, *2 (E.D. Mich. Oct. 15, 2007); *see also* 9 Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2375 (3d ed. 2008) (citing cases). The Court notes that Dyn has never raised the outstanding judgment as an issue warranting a stay before, despite the fact that the judgment has been outstanding for more than ten months. Dyn also did not raise the issue of the outstanding judgment in the pretrial statement, at the pretrial conference, or in any of the numerous filings before the Court. The Court also finds it significant that the $20,020.03 judgment is currently on appeal based on Plaintiff's contention that it was awarded in error.

In light of all of these facts, the Court concludes that a stay of this action should be granted until Plaintiff posts the $20,020.03 judgment amount with the Clerk of the Court. If Plaintiff prevails on its appeal of the judgment, the Court will direct the Clerk of the Court

to release the funds to Plaintiff. However, if Plaintiff's appeal is unsuccessful, the Court will direct the Clerk of the Court to release the funds to Dyn.

It is therefore ORDERED AND ADJUDGED that, for the reasons set forth herein:

1. Defendant Timothy P. Dyn's Motion to Stay Case Pending Payment of Washington Judgment (Dkt. 111) is hereby granted in part and denied in part.

2. This action shall be **stayed** until Plaintiff posts $20,020.03, which represents the Washington judgment amount, with the Clerk of the Court. Once this amount is posted, the case will proceed to trial. Upon receipt of the funds, the Clerk of the Court shall place the funds into a special interest-bearing account.

3. If the appellate court determines that the $20,020.03 judgment was awarded in error, upon notice to the Court of the decision, the Court will direct the Clerk of the Court to release the funds to Plaintiff.

4. If the appellate court affirms the district court's award of the judgment, and all appeals are exhausted, upon notice to the Court of the decision, the Court will direct the Clerk of the Court to release the funds to Dyn.

**DONE** and **ORDERED** in Tampa, Florida on November 4, 2010.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1894.mtstayDkt111FINAL.wpd